IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs July 9, 2013

# MICHAEL BRANDON ADAMS v. DWIGHT BARBEE, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. CV-6610    Joseph H. Walker, III, Judge**

_____

**No. W2012-02074-CCA-R3-HC  - Filed August 16, 2013**

_____

The Petitioner, Michael Brandon Adams, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for the writ of habeas corpus from his guilty plea conviction for aggravated child abuse, for which he is serving an eighteen-year sentence at 100%. The Petitioner contends that the trial court erred in dismissing the petition. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Michael Brandon Adams, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner did not attach a copy of the judgment to his petition or provide an explanation for not attaching the judgment. *See* T.C.A. § 29-21-107 (2010) (requiring that a copy of the judgment of conviction must be attached to a habeas corpus petition, or an acceptable reason must be stated for its absence). We note that the petition identified the same conviction offense and sentence as stated in this court's opinion in his post-conviction appeal. *See Michael Brandon Adams v. State*, No. M2007-00396-CCA-R3-PC (Tenn. Crim. App. Feb. 18, 2008), *perm. app. denied* (Tenn. June 23, 2008). The pro se Petitioner filed

a motion to supplement the record with the technical record from the conviction proceedings. He did not state the purpose of his request, and this court denied the motion.

In his petition, the Petitioner sought habeas corpus relief on the basis of an illegal sentence. He contended that he was improperly sentenced as a violent offender, rather than a Range I standard offender, because he was a first-time offender; his sentence was improperly enhanced based upon facts found by the trial court, rather than a jury; he was sentenced without a presentence report; and violence was both an element of the offense and used to classify him as a violent offender. He also contended that his guilty plea was not valid because he was not told that the eighteen-year sentence at 100% he agreed to accept was greater than the minimum sentence for the offense and that he did not waive his ex post facto protections to be sentenced under the 2005 sentencing amendments. The trial court summarily denied relief, noting that the petition was not in proper form because the judgment was not attached and that the issues were not the proper bases for habeas corpus relief. The court also noted that some of the issues were addressed in the Petitioner's earlier post-conviction case.

On appeal, the Petitioner contends that the trial court erred in dismissing the petition. The State contends that the petition was properly dismissed because it was deficient and that even if the deficiency is overlooked, the Petitioner is not entitled to relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964).

A trial court properly may choose to summarily dismiss a petition without the appointment of counsel and without a hearing when a petitioner has failed to comply with the statutory procedural requirements. *See Faulkner v. State*, 226 S.W.3d 358, 365 (Tenn. 2007); *Summers*, 212 S.W.3d at 260-61. One of the statutory requirements for seeking habeas corpus relief is that the petitioner must attach to the petition a copy or copies of the judgment or judgments at issue. *See* T.C.A. § 29-21-107(b)(2). As we have stated, the Petitioner failed to attach a copy of the challenged judgment to his petition. We do not know if the Petitioner's intent in filing a motion to supplement the appellate record was to provide this court with a copy of the judgment. In any event, a copy of the judgment was never made a part of the record of the trial court proceedings. "We decide cases and controversies on the basis of the record as presented to us for our consideration, and not as they might, or should, have been presented." *Dearborne v. State*, 575 S.W.2d 259, 264 (Tenn. 1978).

We note, as well, that a trial court may dismiss a petition for a writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010). None of the Petitioner's claims, if proven, would render the judgment void. Regarding his claims that he was improperly sentenced as a violent offender, rather than a Range I offender and that violence was an element of the offense as well as a fact used to classify him as a violent offender, we note that at the time of the offense and sentencing, aggravated child abuse was classified by statute as a violent offense. *See* T.C.A. § 40-35-501(i)(1)(2) (2003) (amended 2006, 2007, 2009, 2010, 2012).

Regarding his claim that his sentence was improperly enhanced based upon facts found by the trial court, rather than a jury, this court has held that a claim related to offender classification based upon judicial fact-finding is not a proper basis for habeas corpus relief. *See Michael V. Morris v. James Fortner, Warden*, No. M2008-01022-CCA-R3-HC, slip op. at 2-3 (Tenn. Crim. App. Feb. 26, 2009). Regarding his claim that he was sentenced without a presentence report, this court has said that failure to follow the statutory procedure at sentencing, including not using a presentence report, would not produce a void judgment. *See Jacques B. Bennett v. Virginia Lewis, Warden*, No. E2006-01592-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App. Feb.8, 2007), *perm. app. denied* (Tenn. June 18, 2007).

Regarding the Petitioner's claim that he did not waive his ex post facto protections to be sentenced under the 2005 sentencing amendments, we note that the Petitioner committed the offense in 2003 and pleaded guilty in 2004, before the 2005 amendments were in effect. *See Michael Brandon Adams*, slip op. at 1. No waiver was required. To the extent the Petitioner argues that he should have received a minimum sentence under the pre-2005 law, we note that the Petitioner's eighteen-year sentence was pursuant to a plea agreement, not

the result of the trial court's application of judicially found enhancement factors. *See Eric L. Anderson v. Howard Carlton, Warden*, No. E2008-00096-CCA-R3-HC, slip op. at 3-4 (Tenn. Crim. App. Sept. 24, 2008) (stating that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007), were not implicated in sentences resulting from plea agreements and noting that in any event, a *Blakely/Cunningham* claim involved a potentially voidable, not void, sentence).

Regarding the claim that the guilty plea was unknowing and involuntary because the Petitioner was not aware the plea agreement called for a sentence that was greater than the minimum, this is likewise a constitutional claim that would result in a voidable, not a void, sentence. *See Archer*, 851 S.W.2d at 164. We note that the Petitioner unsuccessfully litigated a post-conviction claim that his guilty plea was unknowing and involuntary due to the ineffective assistance of counsel. *See Michael Brandon Adams*, slip op. at 5-6. We note, as well, that our supreme court recently denied the Petitioner's petition to appeal the trial court's denial of his motion to reopen the post-conviction case. *See Michael Brandon Adams v. State*, No. M2013-01090-CCA-R28-CD (Tenn. July 1, 2013) (order). Because the Petitioner failed to state any claims that are appropriate for habeas corpus relief, the trial court did not err in dismissing the petition.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-4-